IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| RONNEY GOODS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:24-cv-00788-DGK |
| ) | |
| CAPITAL ONE AUTO FINANCE, ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

This case arises from allegations that Defendant Capital One Auto Finance accessed Plaintiff pro se Ronney Goods' consumer credit report in violation of the Fair Credit Reporting Act ("FCRA"). Now before the Court is Defendant's motion to dismiss Plaintiff's pro se complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 16. For the following reasons, the motion is DENIED.

**Standard**

Federal Rule of Civil Procedure 12(b)(6) requires dismissal if a complaint fails "to state a claim upon which relief can be granted." To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court construes Plaintiff's pro se complaint liberally and draws all reasonable inferences from the facts in Plaintiff's favor. *Monson v. Drug Enforcement Admin.*, 589 F.3d 952, 961 (8th Cir. 2009); *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

**Background**

Accepting the Complaint's factual allegations as true, viewing these allegations in the light most favorable to Plaintiff, and drawing all reasonable inferences in Plaintiff's favor, the Court

finds the facts to be as follows for purposes of resolving the pending motion.

On or about December 7, 2023, Defendant accessed Plaintiff's consumer credit report without Plaintiff's authorization. Plaintiff did not apply for financing or authorize Defendant or any dealership to submit a credit application on his behalf. Plaintiff's consumer credit report was not accessed for any permissible purpose enumerated in 15 U.S.C. § 1681b.

When Plaintiff filed a complaint with the Consumer Financial Protection Bureau ("CFPB") to dispute Defendant's credit inquiry, Defendant failed to provide proof of Plaintiff's authorization and suggested Plaintiff contact the dealership instead.

As a result of Defendant's unauthorized inquiry, Plaintiff suffered harms, including a lower credit score and mental distress.

Plaintiff filed this complaint on December 11, 2024, asserting a single count alleging Defendant willfully and negligently accessed his consumer credit report without a permissible purpose in violation of 15 U.S.C. § 1681b.

## Discussion

Defendant argues Plaintiff's pro se complaint should be dismissed because it fails to sufficiently allege (1) an improper purpose, and (2) willfulness. Plaintiff opposes the motion contending he sufficiently stated his claim.

Defendant's argument is unpersuasive. To state a claim under § 1681b, Plaintiff must show: (1) there was a consumer report; (2) Defendant used or obtained it; and (3) Defendant did so without a permissible statutory purpose. *Phillips v. Grendahl*, 312 F.3d 357, 364 (8th Cir 2002), *abrogated on other grounds by Safeco Ins. Co. of Am.*, 551 U.S. 47 (2007). To be entitled to statutory damages, Plaintiff must also establish Defendant "willingly, knowingly, or recklessly violated [the FCRA]." *Poehl v. Countrywide Homes Loans, Inc.*, 528 F.3d 1093, 1096 (8th Cir.

2008). Plaintiff's pro se complaint satisfies these requirements.

First, Plaintiff alleges he did not authorize Defendant or any dealership to submit a credit application on his behalf. And he alleges that no other permissible purpose under the statute existed for the credit inquiry. Taken together, these facts sufficiently allege an improper purpose. Second, with respect to Defendant's "willfulness" argument, Plaintiff does not have to establish willfulness if he can establish recklessness. Here, a reasonable inference from the facts alleged is that Defendant acted willfully or recklessly as evidence by the fact that when Plaintiff disputed the credit inquiry, Defendant refused to provide proof of authorization. One could reasonably infer that if Defendant had such proof, it would have provided at that time. The fact that it did not supports an inference that the credit inquiry was willful or reckless.

## Conclusion

For the forgoing reasons, the Defendant's motion to dismiss is DENIED.

**IT IS SO ORDERED.**

Date:  May 23, 2025                                     /s/ Greg Kays
                                                                             GREG KAYS, JUDGE
                                                                             UNITED STATES DISTRICT COURT